■ In the Matter of MICHAEL CORSO et al., Appellants, v ALBANY COUNTY BOARD OF ELECTIONS et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Cobb, J.), entered October 18, 1982 in Albany County, which dismissed, without prejudice, petitioners' application to compel respondent Albany County Board of Elections to divide the Third Election District, 15th Ward, of the City of Albany and the First Election District of the Town of Guilderland, pursuant to subdivision 6 of section 4-100 of the Election Law. In this proceeding to compel the respondent board of elections to divide election districts as required by subdivision 6 of section 4-100 of the Election Law, Special Term dismissed the petition, without prejudice, because of petitioners' failure to join as parties the municipalities within which the districts in question are located, i.e., the City of Albany and the Town of Guilderland. These municipalities were deemed by the court to be necessary parties since it was concluded that, although the respondent board of elections could be directed to divide the subject districts as required by law, only the municipalities could designate polling places in the newly created districts (see Election Law, § 4-104). Inasmuch as these entities were not before the court and therefore could not be compelled to act, it was determined that petitioners could not be accorded complete relief and the proceeding should therefore be dismissed since "joinder at this point is not practicable because the election is less than three weeks away". We disagree. The record in this case clearly demonstrates, and respondent concedes, that the election districts in question contain more than the permitted maximum number of registrants specified by the statute (Election Law, § 4-100, subd 3). It is also not disputed that the respective legislative bodies of the municipalities involved failed to realign these districts by July 1, 1982, as they are required to do when, at the time of the preceding general election, the total number of registrants exceeds the permitted maximum by at least 50 registered voters (Election Law, § 4-100, subd 4).* Further, the statute specifies that in the event the legislative body fails to divide such a district as required, the county board of elections shall do so (Election Law, § 4-100, subd 6). In view of these provisions, we are of the opinion that when the board acts to divide an election district after the local legislature has failed to do so, it may also designate the polling places in the newly created districts although this power is not particularized in the statute. To hold, as respondent urges, that the matter must be returned to the legislative body for designation of polling places would, in our view, be incongruous, since it is that body's failure to timely act which precipitates the board's assumption of authority in the first instance. Moreover, there is no

---

* Petitioners allege that at the time of the 1981 general election there were approximately 1,741 voters registered within the Third Election District of the 15th Ward of the City of Albany and approximately 1,015 voters registered within the First Election District of the Town of Guilderland.

reason to assume that the board is without the necessary expertise to select an appropriate location, and we note that the board is empowered to select alternative polling places when those designated by the legislature are unsuitable or unsafe (Election Law, § 4-104, subd 1). Accordingly, we conclude that the respective municipalities are not necessary parties to this proceeding, and Special Term erred in dismissing the proceeding on this ground. Despite the foregoing, we do not determine that petitioners should be granted the relief they seek. In *Kleinmann v Frank* (57 NYS2d 879, 880), wherein a similar application to divide an election district was involved, the court, after concluding that the Common Council of the City of Yonkers was derelict in failing to divide the district by the time specified in the statute, declined to grant relief on the ground that to do so "at this late date [September 12] for the election to be held in November following, would disfranchise a number of voters, cause an unnecessary financial burden upon the City, and would work a greater hardship and inconvenience than would be entailed by leaving the District as it is for the ensuing election" (see, also, *Matter of Sturm v Dalton,* 215 App Div 693). Respondent alleges that alteration of existing election districts at this time, less than two weeks before a general election, would be impractical if not impossible and that chaos would result if the task could not be completed within the time remaining. Petitioners, on the other hand, submit that no great difficulty would be presented in creating the districts which they seek since all voters therein would reside at the same address, i.e., the campus of the State University of New York at Albany. Neither party, however, has enlightened the court as to exactly what practicalities and procedures would be entailed if the relief sought were granted. Accordingly, we are unable to determine with certainty whether the requested relief is feasible or even possible considering the few days remaining before the election. We do perceive, however, that under the present situation, where the existing polling places are located relatively close to the campus and the board has stated that an additional voting machine will be installed at one of the polling places in question, no voter will be disenfranchised if the relief sought herein is not granted. We, therefore, conclude that the judgment appealed from should be modified by providing that the dismissal of the petition should be with prejudice, and would but add that the municipalities involved should take appropriate steps to insure that the provisions of the Election Law with respect to the division of election districts are complied with in time for the 1983 elections. Judgment modified, on the law and the facts, by providing that the dismissal of the petition is with prejudice, and, as so modified, affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., and Levine, JJ., concur.